UNIROYAL, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81-8-01122

(Dated December 21, 1981)

*Barnes, Richardson & Colburn* (*Andrew P. Vance, Raymond F. Sullivan, Jr.* and *Richard Haroian,* of counsel) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Barbara M. Epstein* on the briefs), for the defendant.

MALETZ, *Judge:* This is a motion by plaintiff, Uniroyal, Inc., an importer of leather uppers and rubber soles manufactured in Indonesia, for preliminary injunctive relief from Customs' determination that these goods must be marked with their country of origin.

The facts are as follows:[1] Plaintiff regularly imports rubber soles and leather uppers into the United States from Indonesia, which are not marked with their country of origin. These soles and uppers are sold to the Stride-Rite Co. which combines and processes them into shoes. With regard to some of these shipments, Customs has issued Notices of Redelivery requiring plaintiff to redeliver the merchandise

---

[1] Additional facts are set out in this court's Memorandum and Order of December 4, 1981, denying defendant's motion to dismiss this action for lack of jurisdiction. Slip Op. 81-113.

to Customs' custody or to mark it with the country of origin in conformity with section 304 of the Tariff Act of 1930, as amended, 19 U.S.C. §1304(a).[2] The Notices of Redelivery advised that unless such steps were taken within 30 days, plaintiff would be liable for liquidated damages. However, Uniroyal did not mark or redeliver any of the articles.

Additionally, on or about December 10, 1981, Customs denied entry to a shipment of plaintiff's leather uppers on the ground that they were not properly marked.[3] Finally, it is to be noted that plaintiff has ongoing supply contracts for its uppers and soles which require it to regularly import this merchandise.

Plaintiff now seeks a preliminary injunction to restrain the Customs Service from issuing additional notices to mark or redeliver; from initiating any demand for liquidated damages pursuant to 19 C.F.R. § 134.54(a); from assessing any additional marking duties; and from failing to release the merchandise now held by Customs.

To obtain a preliminary injunction, the petitioner must show (1) that there is a substantial likelihood that it will prevail on the merits; (2) that without the relief requested the petitioner will be irreparably injured; (3) that the public interest would be served by the relief requested; and (4) that the issuance of the relief requested will not substantially harm other interested parties. See, e.g., *Zenith Radio Corp.* v. *United States*, 1 CIT 53, 505 F. Supp. 216, 218 (1980).

In order to show a substantial likelihood of success on the merits, plaintiff was required to present convincing evidence that the manufacturer, the Stride-Rite Co.—and not the consumer—is the ultimate purchaser of the uppers and soles in question.[4] And to make this showing, it was incumbent upon plaintiff to offer evidence tending to prove that Stride-Rite converts or combines the imported merchandise into a new article, having a name, character or use which differs from what was imported, *i.e.*, that Stride-Rite effects a substantial

---

[2] 19 U.S.C. § 1304(a) provides in part:

(a) Except as hereinafter provided, every article of foreign origin (or its container, as provided in subsection (b) hereof) imported into the United States shall be marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article (or container) will permit in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article. * * *

19 C.F.R. § 134.51(a) provides:

(a) *Notice to mark or redeliver.* When articles or containers are found upon examination not to be legally marked, the district director shall notify the importer on Customs Form 4647 to arrange with the district director's office to properly mark the article or containers, or to return all released articles to Customs custody for marking, exportation, or destruction.

[3] As to this merchandise, on December 11, 1981, this court denied plaintiff's application for a temporary restraining order requiring its release from Customs' custody.

[4] 19 U.S.C. § 1304(a)(3)(H) provides that articles may be exempted from the requirement that they be marked with their country of origin if:

An ultimate purchaser, by reason of the character of such article or by reason of the circumstances of its importation, must necessarily know the country of origin of such article even though it is not marked to indicate its origin: * * *

It is undisputed that Stride-Rite has full knowledge that the uppers and soles are manufactured in Indonesia.

transformation of the imported merchandise. *United States* v. *Gibson-Thomsen Co., Inc.*, 27 CCPA 267, C.A.D. 98 (1940).

However, based on the evidence received at the hearing on the preliminary injunction, it is concluded that plaintiff has not shown a substantial likelihood that it will prevail on the merits on its claim that the imported goods need not be marked. In particular, plaintiff has not made a strong preliminary showing that Stride-Rite effects a substantial transformation of the uppers and soles into shoes, as opposed to a mere assembly. Consequently, it would appear preliminarily that the consumer—and not Stride-Rite—is the ultimate purchaser of the uppers and soles in question and that marking is required.

Secondly, plaintiff has failed to show that it will suffer irreparable injury with regard to the entries for which demands for redelivery have been made. These entries have already entered into commerce and as to them plaintiff is at most subject to as yet unassessed liquidated damages. In this circumstance, plaintiff has not presently suffered any actual monetary injury. Moreover, even if demand for liquidated damages is made by Customs, plaintiff still may administratively seek reduction of any assessment. See 19 C.F.R. §§ 134.54(b) and 172.33(a). In short, the administrative review process has not even commenced. And plaintiff has not explained why this process, with subsequent judicial review, would not adequately protect plaintiff should liquidated damages be imposed. Thus, with regard to the assessment of such damages, plaintiff has an adequate remedy at law which precludes the issuance of injunctive relief.

With regard to the merchandise which Customs is refusing to release, plaintiff has made some showing of possible irreparable harm. Nonetheless, as noted earlier, plaintiff has not shown a substantial likelihood that it will prevail on the merits. Therefore, both as to this and all the other merchandise involved, plaintiff has failed to show that the public interest would be served by the granting of an injunction. Indeed, granting plaintiff the provisional relief requested would result in the entry of unmarked merchandise into commerce, which is in fact the ultimate relief plaintiff seeks here. Given this fact and given the fact that allowing the entry of plaintiff's merchandise without marking may result in the public being misinformed as to the country of origin of the merchandise in probable violation of law, the court concludes that the issuance of a preliminary injunction would be inconsistent with the public interest.

Finally, plaintiff has failed to demonstrate that any injury it may suffer outweighs the damage the proposed injunction will cause the United States. If the injunction is granted, the status quo would be

disrupted to the detriment of the United States. For additional foreign unmarked goods would be permitted to enter the United States and the goods already in the country could be sold to the public without any further demands by Customs that the merchandise be marked or redelivered. Thus, "the extent of any possible injury * * * that might occur if the injuction were denied, is paled by the injury that would be done [the] public interest if the injunction were granted." *S. J. Stile Associates* v. *Snyder*, 68 CCPA—,—, C.A.D. 1261, 646 F. 2d 522, 526 (1981).

Plaintiff's motion for a preliminary injunction is denied.

